**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

Plaintiff,

-v- 1:22-cr-292 (AMN)

MATTHEW ALLEN MOONEY,

Defendant.

---

**APPEARANCES:** **OF COUNSEL:**

**UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF NEW YORK**
445 Broadway
Albany, New York 12207
*Counsel for the Government*

**JOSEPH J. BRUCATO, ESQ.**
Assistant United States Attorney

**MATTHEW MOONEY**
120 North 46th Street,
Seattle, Washington 98103
Movant *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**[1]

## ORDER

On November 21, 2022, Matthew Allen Mooney ("Mooney" or "Movant") agreed to plead guilty to possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). *See* Dkt. No. 35. Mooney also agreed to waive certain rights to appeal or collaterally attack the conviction and resulting sentence, including his rights under 28 U.S.C. § 2255, except where those

---

[1] This case was originally assigned to the late United States District Judge Gary L. Sharpe but was reassigned to the undersigned on October 24, 2024. *See* Dkt. No. 55.

claims were "based on alleged ineffective assistance of counsel." *See* Dkt. No. 35 at 8-9.[2] On November 23, 2022, the Court accepted Mooney guilty plea, and on July 10, 2023, it issued a judgment sentencing him to 138 months imprisonment, thirty years supervised release, and various conditions of supervision. *See* Dkt. No. 46.

On September 25, 2026, Movant filed the instant motion under 28 U.S.C. § 2255 collaterally attacking his conviction and sentence. Dkt. No. 57 ("Motion"). Mooney does not appear to challenge any particular errors in his conviction or sentence—instead, across his twenty-six-page Motion, he asserts that dozens of errors "may have affected" every instance of his criminal process, from the initial charging decision through to his Bureau of Prisons classification, and he asks the Court for a "claim-by-claim determination." Dkt. No. 57 at 1-2. At no point does Mooney identify any single error supported by the record, or, indeed, reference the record or the facts of this case. Instead, the Motion largely takes the form of identifying categories of potentially relevant documents or errors and then providing numbered lists of things that the Court "should examine." *See*, *e.g.*, *id.* at 17 (requesting that the Court examine "information material to [Mooney's] claims [that] was discovered only after judgment and could not earlier have been discovered through reasonable diligence," and then noting ten examples of what "[s]uch evidence may include"—without identifying or providing any such evidence).

It is well established that Section 2255 is not intended to provide a remedy for "all claimed errors in conviction and sentencing." *Morales v. United States*, 143 F.3d 94, 96 (2d Cir. 1998) (quoting *United States v. Addonizio,* 442 U.S. 178, 185 (1979)). Relief is generally available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact

---

[2] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

that constitutes a fundamental defect which inherently results in complete miscarriage of justice." *Graziano v. United States*, 83 F.3d 587, 589-90 (2d Cir. 1996) (*per curiam*) (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)). In a Section 2255 proceeding, the movant bears the burden of proof by a preponderance of the evidence. *See Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000); *Galviz Zapata v. United States*, 431 F.3d 395, 399 (2d Cir. 2005). Because Mooney proceeds *pro se*, the Court must "liberally construe" his submissions "to raise the strongest arguments they suggest." *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (internal citation and quotation marks omitted). "Nevertheless, a *pro se* litigant is not exempt 'from compliance with relevant rules of procedural and substantive law.'" *Murphy v. Warden of Attica Corr. Facility*, No. 20-cv-3076, 2020 WL 2521461, at *1 (S.D.N.Y. May 15, 2020) (quoting *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). And "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion," even without calling for a response from the Government. *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (quoting Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b)).

It is plainly apparent on the face of the Motion that Mooney is not entitled to relief. First, Section 2255 motions are subject to a one-year period of limitation running from the latest of four statutorily defined dates. *See* 28 U.S.C. § 2255(f). Because Mooney does not contend that there was an "impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States," § 2255(f)(2), that the Supreme Court has newly recognized a right and made that right retroactively applicable to cases on collateral review, § 2255(f)(3), or that there are newly discovered "facts supporting the claim or claims presented," § 2255(f)(4), the one-year time bar began to run on "the date on which [Movant's] judgment of

conviction [became] final," § 2255(f)(1). Because, "for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires," Mooney's one-year limitation period began to run on July 27, 2023. *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005), *see* F. R. App. P. 4(b)(1)(A), 26(c). Mooney's time to file a Section 2255 motion therefore expired in July 2024, over two years ago. Mooney identifies no reason equitable tolling would apply.[3] *See Belot v. Burge*, 490 F.3d 201, 205 (2d Cir. 2007) (noting equitable tolling only applies in "rare and exceptional circumstances" where a movant establishes "that extraordinary circumstances prevented him from filing his [motion] on time, and that he acted with reasonable diligence throughout the period he seeks to toll"). Accordingly, the Motion is time-barred.

Second, even liberally construing the Motion, it does not adequately set forth any ground for relief. Mooney appears to ask this Court to conduct plenary review of the entire record with an eye to well over fifty categories of potential error. For example, Mooney contends that one of forty-five possible errors may have constituted ineffective assistance of counsel "to the extent established by the complete record," Dkt. No. 57 at 6-7, 8, 12-13, 15-16, he asks the Court to review the presentence report "paragraph by paragraph" for one of sixteen potential sources of error, *id.* at 11-12, and he provides a list of eight items that might constitute "Government misconduct or beach of plea obligations, if established," *id.* at 15. The Motion does little more than name potential errors, and is completely devoid of any argument or factual support—indeed, it does not even purport to claim that errors actually occurred, just that they *might* have occurred.

---

[3] The section of the Motion that discusses timeliness appears to be—like other parts of the Motion—placeholder text that was not replaced. *See* Dkt. No. 57 at 19 ("Movant shall identify the date upon which his judgment became final and calculate timeliness under 28 U.S.C. § 2255(f) . . . . Any equitable-tolling contention shall identify with specificity the extraordinary circumstances, its relationship to the filing date, Movant's diligence, and the relevant dates.").

The section of the Motion discussing an "Invalid or Constitutionally Unreliable Plea, *if Applicable*," demonstrates the point:

> *If* Movant entered a guilty plea, the record must establish that the plea was knowing, intelligent, voluntary, and supported by an adequate factual basis. Movant alleges, *to the extent confirmed by the record*, that that plea *may have been* affected by:
>
> 1. materially inaccurate information concerning the evidence;
> 2. ineffective advice from counsel;
> 3. an inaccurate understanding of sentencing exposure;
> 4. undisclosed favorable information;
> 5. inaccurate guideline calculations;
> 6. incomplete explanation of material consequences;
> 7. misunderstanding of the factual basis;
> 8. materially misleading representations;
> 9. failure to understand available lawful modes of resolution; or
> 10. other circumstances undermining a knowing and voluntary waiver of constitutional rights.
>
> *If* the Court determines that materially incorrect information substantially influenced the plea decision, the reliability of the plea itself must be examined.

Dkt. No. 57 at 10-11 (emphasis added).

A Section 2255 motion does not require a *pro se* movant to clear a high bar, as they "need only set forth the . . . claims of error generally." *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998). But a motion must actually set forth the claims in a movant's case, not merely list all claims potentially available in a Section 2255 motion, and it must also "state the facts supporting each ground." Rules Governing § 2255 Proceedings for the United States District Courts, Rule 2(b)(2). Suggesting, without actually alleging, that there may be supportive facts in the record and asking the Court to go out searching for them will not suffice. "Judges are not like pigs, hunting for truffles buried in the record." *Murthy v. Missouri*, 603 U.S. 43, 67 n.7 (2024) (alterations and internal quotation omitted). And "[i]t is not the responsibility of the Court nor the Respondent to sort through the . . . court records and speculate on the facts [Movant] asserts in support of each ground. Rather, that information must be set forth in the [Motion]." *Martinez v. O'Connell*, No.

06-cv-0887, 2007 WL 189335, at *1 (N.D.N.Y. Jan. 22, 2007). Because Mooney has failed to do so, the Court must dismiss the Motion.[4]

Mooney has also filed a motion to seal "the unnecessary public republication of materially dispute factual allegations while the accuracy of those accusations is itself the subject of judicial review." Dkt. No. 58 at 3. With the exception of the Motion, Mooney requests that various documents not yet in the record in this proceeding be sealed, such as the presentence report, Bureau of Prison records, plea-negotiation materials, and communications protected by his attorney-client privilege. *See* Dkt. No. 58 at 10-11. As for the Motion itself, at no point does Mooney identify which, if any, sensitive facts or materials require that it be sealed. *See generally id.* Nor could he—the Motion contains essentially no facts particular to Mooney or this case other than his name and the case number, which plainly do not require sealing. Dkt. No. 57 at 2; *see Lora v. Sergeant John Doe 1*, No. 26-cv-0369, 2026 WL 2874177, at *1-2 (N.D.N.Y. Sept. 23, 2026) (detailing the strong presumption against sealing judicial records where the movant "does not identify any specific facts about th[e] case that are private or sensitive in nature"). Therefore, the Court denies the motion to seal.

Accordingly, the Court hereby

[4] Mooney also requests discovery of broad swathes of documents under Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts. *See* Dkt. No. 57 at 19-20. Rule 6 only permits discovery "for good cause," and the "party requesting discovery must provide reasons for the request." "In order to show 'good cause,' a [movant] must present 'specific allegations' that give the Court 'reason to believe that the [movant] may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Ruine v. Walsh*, No. 00-cv-3798, 2005 WL 1668855 at *6 (S.D.N.Y. July 14, 2005) (quoting *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)). For the reasons discussed above, this Motion is both devoid of specific factual allegations and provides the Court no reason to believe that factual development will show entitlement to relief, and so the Mooney fails to carry his "heavy burden in establishing a right to discovery." *Pizzuti v. United States*, 809 F. Supp. 2d 164, 176 (S.D.N.Y. 2011) (quoting *Ruine*, 2005 WL 1668855 at *6). Accordingly, the Court denies Mooney's request for discovery.

**ORDERS** that Movant's 28 U.S.C. § 2255 Motion, Dkt. No. 57, is **DISMISSED**; and the Court further

**ORDERS** that Movant's motion to seal, Dkt. No. 58, is **DENIED**; and the Court further

**ORDERS** that Movant's request for discovery under Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts, *see* Dkt. No. 57 at 19-20, is **DENIED**; as the Court further

**ORDERS** that Movant's request to expand the record under Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts, *see* Dkt. No. 57 at 20, is **DENIED** as moot.

**IT IS SO ORDERED**.

Dated: November 17, 2026
Albany, New York

Anne M. Nardacci
Anne M. Nardacci
U.S. District Judge